IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES,<br><br>    Plaintiff,<br><br>v.<br><br>JOSE LUIS MEDINA ALVARADO,<br><br>    Defendant. | No. CR 01-00419 CRB<br><br>**ORDER DENYING PETITIONER'S SECTION 2255 MOTION AND GRANTING THE GOVERNMENT'S MOTION TO DISMISS** |

Petitioner Jose Luis Medina Alvarado moves the Court to correct his sentence under 28 U.S.C. § 2255 based on a recent Supreme Court case holding that any fact that increases the penalty for a crime is considered an "element" of the crime, and must be determined by a jury beyond a reasonable doubt. See generally 2255 Mot. (dkt. 351) (citing Alleyne v. United States, 133 S. Ct. 2151, 2155 (2013)).  The government moves to dismiss Petitioner's motion. See generally MTD (dkt. 358).  Because Petitioner's motion was not certified by the Ninth Circuit, Alleyne does not apply retroactively, and Petitioner has already received the benefit which his motion seeks, the Court DENIES Petitioner's motion and GRANTS the government's motion.

## I.    BACKGROUND

Petitioner was convicted on October 10, 2002 of conspiracy to possess with intent to distribute methamphetamine, and three counts of possession with intent to distribute, and

distribution of, methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1). <u>See</u> Indictment (dkt. 77); Verdict (dkt. 190). The Jury issued a special verdict as to the type and quantity of narcotics at issue in each count. <u>Id.</u>; MTD Ex. A (Verdicts for Defendant Jose Luis Medina Alvarado, indicating "500 grams or more" for Count One, "50 grams or more but less than 500 grams" for Count Three, "500 grams or more" for Count Four).

On June 4, 2003, this Court sentenced Petitioner to 240 months in prison on each count, to run concurrently, to be followed by five years of supervised release. <u>See</u> Minutes (dkt. 223). Judgment was filed and Petitioner appealed. <u>See</u> Judgment (dkt. 227), Notice of Appeal (dkt. 236). The Court of Appeals for the Ninth Circuit denied Petitioner's claims but remanded pursuant to <u>United States v. Ameline</u>, 376 F.3d 967 (2004), to allow this Court to determine whether it would have imposed a materially different sentence had it known that the United States Sentencing Guidelines were advisory. <u>See</u> Copy of Judgment from USCA (dkt. 272). On February 15, 2006, this Court determined that its sentence would have been materially different, and resentenced Petitioner to 210 months in prison on each count, to run concurrently, to be followed by five years of supervised release. <u>See</u> Minutes (dkt. 299). The Ninth Circuit affirmed this Court's judgment. <u>See</u> <u>United States v. Medina Alvarado</u>, 221 Fed. Appx. 572.

On September 30, 2008, Petitioner filed a timely petition under 28 U.S.C. § 2255, claiming that he had received ineffective assistance of counsel. <u>See</u> First 2255 Mot. (dkt. 325). On February 12, 2009, this Court denied Petitioner's motion. <u>See</u> Order (dkt. 332). Petitioner appealed the Court's denial, and the Ninth Circuit affirmed. <u>See</u> Notice of Appeal (dkt. 333), USCA Memorandum (dkt. 341).

On August 3, 2012, Petitioner filed a second petition under 28 U.S.C. § 2255, although he styled it as a motion pursuant to Federal Rule of Civil Procedure 60(b)(6). Rule 60 Mot. (dkt. 348). On October 2, 2012, this Court denied Petitioner's motion, construing it as a second and successive habeas petition for which the Ninth Circuit had not granted a certificate of appealability. <u>See</u> Order (dkt. 349).

2

Petitioner has now filed a third collateral attack on his conviction and sentence. See Mot. He argues that he is entitled to relief in light of the Supreme Court's recent decision in Alleyne. Id. at 1. The government moves to dismiss. See generally MTD.

## II. LEGAL STANDARD

The Sixth Amendment provides that individuals who are accused of a crime have the right to a trial "by an impartial jury." U.S. Const. amend. VI. The Supreme Court has held that this requires "criminal convictions to rest upon a jury determination that the defendant is guilty of every element of the crime with which he is charged, beyond a reasonable doubt." United States v. Gaudin, 515 U.S. 506, 510 (1995). "Any fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." Alleyne, 133 S. Ct. at 2155.

A claim presented in a second or successive habeas petition that was not presented in a prior petition must be dismissed unless it satisfies one of two sets of requirements: the petition must contain either "newly discovered evidence" or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(2). A defendant must obtain the permission of the court of appeals to file such a motion with the district court. 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(3)(A).

"[A] new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive." Tyler v. Cain, 533 U.S. 656, 663 (2001) (internal quotation marks omitted).

## III. DISCUSSION

Petitioner argues that he is entitled to relief in light of Alleyne because "the District Court found facts in his case that increased his prescribed range to which he was exposed to, which led to violating his Sixth Amendment rights." Mot. at 1. Not so.

First, Petitioner failed to comply with the procedural requirements for filing a successive section 2255 motion, and so his motion must be dismissed. See 28 U.S.C. §

2255(h); 28 U.S.C. § 2244(b)(3)(A); United States v. Allen, 157 F.3d 661, 664 (9th Cir. 1998).

Second, the Ninth Circuit is not likely to certify Petitioner's motion. Although the Ninth Circuit has not yet addressed the retroactivity of Alleyne, every circuit to consider the question has determined that Alleyne does not apply retroactively. See, e.g., Simpson v. United States, 721 F.3d 875, 876 (7th Cir. 2013); United States v. Redd, 733 F.3d 88, 91 (2d Cir. 2013); In re Payne, 733 F.3d 1027, 1029-30 (10th Cir. 2013); In re Kemper, 735 F.3d 211, 212 (5th Cir. 2013). This Court is in agreement with the majority. As Alleyne is an extension of Apprendi v. New Jersey, 530 U.S. 466 (2000), and Apprendi is not retroactive, Alleyne is also not retroactive. See Cooper-Smith v. Palmateer, 397 F.3d 1236, 1246 (9th Cir. 2005) (reaffirming that Apprendi rule is not retroactive).

Petitioner argues that his failure to obtain Ninth Circuit certification is immaterial because he preserved his objection. Reply (dkt. 360) at 2. Even assuming the truth of that assertion, Petitioner has not cited to any authority for the proposition that his objection permits Alleyne to be applied retroactively.[1]

Finally, although Petitioner asserts repeatedly that this Court "found facts" that enhanced Petitioner's sentence, see, e.g., Mot. at 1, 4 ("at no point did the district court judge submit to the jury for consideration the amount of methamphetamine involved"), 7 ("the judge, rather than the jury, found 5 Kilograms of methamphetamine"), this is demonstrably false. The Court did submit to the jury the question of drug type and quantity, and the jury completed a special verdict form in which it determined those facts. See Verdict; MTD Ex. A. Accordingly, Petitioner has already received the benefit which his motion seeks.

## IV.    CONCLUSION

For the foregoing reasons, the Court DENIES Petitioner's motion and GRANTS the

---

[1] Rather, one of the cases Petitioner cites notes that "the Apprendi rule only applies to direct appeals and not collateral attacks, because the Supreme Court has not made Apprendi retroactive to collateral attacks." See United States v. Candelario, 240 F.3d 1300, 1309 (11th Cir. 2001) (citing In re Joshua, 224 F.3d 1281 (11th Cir. 2000)).

4

government's motion.

**IT IS SO ORDERED.**

Dated: February 3, 2014

_____
CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE